**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **GILBERTO GOMEZ,** | ) | |
| **ID # 1866723,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:16-CV-1951-B (BH)** |
| | ) | |
| **LORIE DAVIS,  Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

<u>**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**</u>

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation.  Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice as barred by the statute of limitations.

## I.  BACKGROUND

Gilberto Gomez (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  He challenges his 2013 conviction for continuous sexual abuse of a young child in Cause No. D34882 in the 13th Judicial District Court of Navarro County, Texas. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

On March 21, 2013, the State indicted Petitioner for continuous sexual abuse of a young child.  (*See* doc. 16-9 at 4.)[1]  He pleaded guilty under a plea agreement and was sentenced to 25

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

years' imprisonment on June 26, 2013. (*See id*. at 12.) As part of the plea agreement, he waived his right to appeal. (*See id*. at 11.) He did not appeal. (*See* doc. 3 at 3); *see* www.txcourts.gov (search for Petitioner).

Petitioner previously mailed a notice of stay and abeyance on May 22, 2015, that was opened as a new action. The motion was denied, and the action was dismissed on June 22, 2015. *See* No. 3:15-CV-1828-B (N.D. Tex. June 22, 2015).

Petitioner filed a state habeas application challenging his conviction that was signed on June 12, 2015, and received by the state court on June 29, 2015. (*See id*. at 14, 30.) The Court of Criminal Appeals denied the habeas application on August 26, 2015. (*See* doc. 16-1); *see Ex parte Gomez*, WR-83,668-01 (Tex. Crim. App. Aug. 26, 2015).

Petitioner filed a second state habeas application, signed on February 22, 2016, and received on February 25, 2016. (*See* doc. 16-13 at 15, 31.) On May 18, 2016, it was dismissed under Tex. Code Crim. Proc. art. 11.07 § 4 as a subsequent application. *See Ex parte Gomez*, WR-83,668-02 (Tex. Crim. App. May 19, 2016).

Petitioner's habeas petition and memorandum in support, signed on June 28, 2016, challenge his conviction on the following grounds:

(1) The court failed to admonish him about the consequences of his plea;

(2) Counsel was ineffective for failing to advise him that the agreed 25-year sentence would be served without parole.

(*See* doc. 3 at 6.) Respondent filed a response on November 15, 2016, and contended that the habeas petition was barred by the statute of limitations. (*See* doc. 14.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.

2

L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

A.    <u>**Calculation of One-Year Period**</u>

The one-year period is calculated from the latest of either:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Here, the factual predicate for Petitioner's claims either became known or could have become known prior to the date his judgment became final. Respondent asserts that the limitations began when the judgment was entered because Petitioner waived his right to appeal. There is a split among federal courts in Texas about when a judgment becomes final in cases where, as here, a petitioner waives the right to appeal. *See Whittle v. Stephens*, 3:15-CV-1783-L, 2015 WL 3884221 at *3-4 (N.D. Tex. June 22, 2015) (collecting cases). Some courts have held that the waiver of

3

appeal forecloses the availability of an appeal, and the judgment becomes final when the defendant is sentenced. *See Chacon v. Stephens*, 2014 WL 3543722 at *3-4 (S.D. Tex. July 14, 2014). Other courts have held that the judgment becomes final at the expiration of the thirty-day period for appealing. *See Schomburg v. Stephens*, No. 4:14-CV-159, 2015 WL 5089546 at *2 n.3 (N.D. Tex. Aug. 28, 2015).

Regardless of whether the limitations period began when the time to appeal expired or when the judgment was entered, Petitioner's habeas petition is untimely even if the limitations period began when the time to appeal expired thirty days after he was sentenced. *See* Tex. R. App. P. 26.2(a)(1) (stating that "[t]he notice of appeal must be filed ... within 30 days after the day sentence was imposed or suspended in open court, or after the day the trial court enters an appealable order"). He was sentenced on June 26, 2013, and the time to appeal expired on July 26, 2013. He had until July 26, 2014, to file his federal habeas petition, absent any tolling of the statute of limitations.

**B.    Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). His motion for stay and abeyance did not toll the limitations period. *See Grooms v. Johnson*, 208 F.3d 488, 489-90 (5th Cir. 1999). The limitations period already expired when he filed his state habeas application, so he is not entitled to statutory tolling for his previous federal case. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (an application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period).

Petitioner filed his § 2254 petition on June 28, 2016, the date that it was signed and mailed.[2] It is therefore untimely.

**C.    Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

---

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

Petitioner asserts that he was unable to obtain his state court papers. He has not shown rare and exceptional circumstances to equitable tolling. His habeas petition mailed on June 28, 2016, is untimely.

### III. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 12th day of June, 2018**.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE